**Harvey E. DURHAM and Mary Ann Durham, Respondents-Plaintiffs,**

v.

**James L. FRANKLIN, Appellant-Defendant.**

**No. WD 38639.**

Missouri Court of Appeals, Western District.

April 7, 1987.

Donald G. Stouffer, Marshall, for appellant-defendant.

Harvey E. Durham, pro se.

Before TURNAGE, P.J., and SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

Harvey and Mary Durham sued James Franklin for damages resulting from flood-

ing on the Durham property and for an injunction requiring Franklin to remove a floodgate from his property and to cease obstructing the flow of surface water from a watercourse passing from the Durham property through the Franklin property. The trial court entered its judgment awarding the Durhams $1,750.00 in damages and granting injunctive relief. Franklin appeals, arguing that the evidence did not support the granting of the injunctive relief and that the court erred in granting a different type of injunctive relief than that the plaintiffs requested.

Affirmed.

The Durhams and Franklin were neighboring landowners, with property in the bottom lands near the Missouri River in Saline County, Missouri. The Franklin farm bordered the river and the Durham farm was farther from the river. An improved natural watercourse ran through the Durhams' farm and along the border of the Franklin farm, thereby draining the surface water from these and other neighboring farms.

Franklin and many of his neighbors banded together to form a voluntary and informal association to cooperate in building a levee to control flooding from the Missouri. Acting on behalf of the association and subsidized by it, Franklin constructed a levee across the mouth of the watercourse, where the watercourse emptied into the river. To allow the watercourse to drain, Franklin inserted a 66″ corrugated metal pipe in the levee, with a one-way valve that allowed water to move from the watercourse to the river, but not to back up from the river to the watercourse.

The Durhams claimed that the floodgate was inadequate to drain the amount of water formerly flowing through the watercourse and that it had caused flooding on their land from surface water. They sued for damages from the flooding and for "orders directing [Franklin] to cease maintaining said inadequate floodgate and to cease obstructing the natural flow of surface water through said watercourse."

The evidence at trial was that the levee and floodgate had indeed controlled flooding from the Missouri, but that the pipe was simply too small to carry the amount of water necessary to drain the land formerly drained by the watercourse. The Durhams' expert testified that the present pipe could not drain more than approximately 250–60 cubic feet of water per second, whereas to handle the average five year maximum flood in the area, the watercourse would have to drain at the rate of 1,169 cubic feet per second. To handle the mean annual flood for the area, the watercourse would have to drain at the rate of 665 cubic feet per second. He further testified that the waterway was not sufficiently dredged to provide sufficient ponding capacity, further increasing the chance of flooding the Durham's land. Durham testified that before the levee and floodgate were built, his lands were flooded by the river on the average of once every five years; whereas, after the floodgate and levee were built, his lands were flooded by surface water every year.

The trial court entered its order for damages (which Franklin does not attack) and ordered Franklin "to modify the dike and floodgate so as to permit the discharge of not less than 665 cubic feet per second of surface water and to maintain the drainway through his property free from accumulation of debris, silt or other obstruction to the free flow of surface water."

■ Franklin argues that the evidence did not support the injunctive relief granted. Clearly, under the principles of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), it did. There was substantial evidence that the Durhams' land flooded much more frequently after the levee and floodgate were built than before, and the reason was that the floodgate did not allow sufficient water to drain through the watercourse. The point is denied.

■ Second, Franklin argues that the trial court erred in granting a different type of relief than that requested. The Durhams' prayer sought removal of the "inadequate floodgate" and other obstructions from the watercourse. Franklin assumes

that by ordering him to modify the levee and floodgate, the court required him to add a larger drainage pipe or additional pipes through the levee. The court's order does not so require. Rather, the order sensibly gives Franklin the option of "modifying" the levee and floodgate to drain at the required rate, without stating how it should be done. Franklin has the option of inserting additional pipe in the levee in order both to drain the watercourse and to maintain the benefits of the levee, or simply to cut the levee and remove the pipe as the Durhams prayed, so that the watercourse could drain at the required rate. This point is also denied.

The judgment is affirmed.

All concur.